IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

|  |  |  |
|---|---|---|
| INTELLECTUAL VENTURES II LLC<br>3150 139th Avenue SE<br>Building 4<br>Bellevue, WA  98005, | : | CASE NO. 2:13-CV-785 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HUNTINGTON BANCSHARES<br>INCORPORATED,<br>41 S. High Street<br>Columbus, Ohio  43287, | : | **COMPLAINT WITH<br>JURY DEMAND** |
| | : | |
| and | : | |
| | : | |
| THE HUNTINGTON NATIONAL BANK,<br>41 S. High Street<br>Columbus, Ohio  43287, | : | |
| | : | |
| Defendants. | | |

Plaintiffs, Intellectual Ventures I LLC and Intellectual Ventures II LLC, by its

undersigned counsel, file this Complaint, averring as follows:

COMES NOW Plaintiff Intellectual Ventures II LLC, by its undersigned counsel, files

this Complaint, averring as follows:

## THE PARTIES

1.      Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware

limited liability company having its principal place of business located at 3150 139th Avenue

SE, Bellevue, Washington, 98005.

1

Case: 2:13-cv-00785-GLF-NMK Doc #: 1 Filed: 08/07/13 Page: 2 of 13  PAGEID #: 2

2.     Upon information and belief, Huntington Bancshares Incorporated ("Huntington Bancshares") is a corporation organized under the laws of the State of Maryland with its principal place of business at 41 S. High Street, Columbus, Ohio 43287.

3.     Upon information and belief, Huntington Bancshares has its headquarters in this judicial district and transacts substantial business within this judicial district.

4.     Upon information and belief, The Huntington National Bank ("Huntington Bank") is a national banking association organized under the laws of the United States with a principal place of business located at 41 S. High Street, Columbus, Ohio 43287.   Upon information and belief, Huntington Bank is a wholly owned subsidiary of Huntington Bancshares.   Upon information and belief, Huntington Bank provides, among other things, a variety of banking products and services to customers throughout the United States, including Missouri and this judicial district.    Huntington Bancshares and Huntington Bank will be referred to herein collectively as "Huntington."

5.     In connection with its online banking services and other systems and services, Huntington infringes one or more claims of United States Patent No. 5,745,574 ("the '574 Patent"); United States Patent No. 6,826,694 ("the '694 Patent""); United States Patent No. 6,715,084 ("the '084 Patent); United States Patent No. 6,314,409 ("the '409 Patent"); and United States Patent No. 7,634,666 ("the '666 Patent") (collectively the "Patents-in-Suit").

## JURISDICTION AND VENUE

6.     This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

7.     This Court has general personal jurisdiction over Huntington because it has its headquarters and does substantial and continuous business in this judicial district.  This Court has specific jurisdiction over Huntington because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Huntington would not offend traditional notions of fair play and substantial justice.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Huntington has conducted business in this district and/or provided services to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

## INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

9.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.  Since its founding, Intellectual Ventures has been deeply involved in the business of invention.  Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions.  A significant aspect of Intellectual Ventures' business is managing the Plaintiff in this case, Intellectual Ventures II.

10.    Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions.  Intellectual Ventures, in turn, has

earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

11.     Intellectual Ventures also creates inventions.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software.  Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

12.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

13.     On April 28, 1998, the '574 Patent, titled "Security Infrastructure For Electronic Transactions," was duly and lawfully issued by the United States patent and Trademark Office ("PTO").  A copy of the '574 Patent is attached hereto as Exhibit A.

14.     On November 30, 2004, the '694 Patent, titled "High Resolution Access Control," was duly and lawfully issued by the PTO.  A copy of the '694 Patent is attached hereto as Exhibit B.

15.     On March 30, 2004, the '084 Patent, titled "Firewall System And Method Via Feedback From Broad-Scope Monitoring For Intrusion Detection," was duly and lawfully issued by the PTO. A copy of the '084 Patent is attached hereto as Exhibit C.

16.     On November 6, 2001, the '409 Patent, titled "System For Controlling Access And Distribution of Digital Property," was duly and lawfully issued by the PTO. A copy of the '409 Patent is attached hereto as Exhibit D.

17.     On December 15, 2009, the '666 Patent, titled "Crypto-Engine For Cryptographic Processing Of Data," was duly and lawfully issued by the PTO. A copy of the '666 Patent is attached hereto as Exhibit E.

18.     Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the Patents-in-Suit and holds the right to sue and recover damages for infringement thereof, including past damages.

## Count I

## INFRINGEMENT OF U.S. PATENT NO. 5,745,574

19.     Paragraphs 1-18 are reincorporated by reference as if fully set forth herein.

20.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 23 of the '574 Patent by making, using, providing, systems and services that comply with the PCI Data Security Standard for encrypting data during communication sessions, including, but not limited to, its website.

21.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington also has and continues to indirectly infringe at least claim 23 of the '574 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party

users of such systems and services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has actively induced and continues to induce the infringement of at least claim 23 of the '574 Patent at least by actively inducing the use of such systems and services by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington knew or should have known that its conduct would induce others to encrypt data during a communication sessions in a manner that infringes the '574 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '574 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington through at least its website at https://www.huntington.com actively induced its customers to infringe the '574 Patent.

22.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has contributorily infringed and continues to contributorily infringe at least claim 23 of the '574 Patent by providing within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '574 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

23.     Intellectual Ventures II has provided written notice via a letter to Huntington of its infringement of at least claim 23, and Huntington also has written notice of its infringement by virtue of the filing and service of this Complaint.

24.     Intellectual Ventures II has suffered damages as a result of Huntington's infringement of the '574 Patent in an amount to be proven at trial.

## Count II

### INFRINGEMENT OF U.S. PATENT NO. 6,826,694

25.     Paragraphs 1-18 are reincorporated by reference as if fully set forth herein.

26.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '694 Patent by making, using, providing, offering to sell and/or selling its Commercial Banking services.

27.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington also has and continues to indirectly infringe at least claim 1 of the '694 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its Commercial Banking services in this judicial district and elsewhere in the United States.  Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has actively induced and continues to induce the infringement of at least claim 1 of the '694 Patent at least by actively inducing the use of its Commercial Banking services by third party users in the United States.  Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington knew or should have known that its conduct would induce others to use these systems in a manner that infringes the '694 Patent.  Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.  Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington through at least its website at https://huntington.com actively induced its customers to infringe the '694 Patent.

28.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has contributorily infringed and continues to contributorily infringe at least claim 1 of the '694 Patent by providing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

29.     Intellectual Ventures II has provided written notice via a letter to Huntington of its infringement of at least claim 1, and Huntington also has written notice of its infringement by virtue of the filing and service of this Complaint.

30.     Intellectual Ventures II has suffered damages as a result of Huntington's infringement of the '694 Patent in an amount to be proven at trial.

## Count III

### INFRINGEMENT OF U.S. PATENT NO. 6,715,084

31.     Paragraphs 1-18 are reincorporated by reference as if fully set forth herein.

32.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 26 of the '084 Patent by making, using, offering to sell and/or selling its Enhanced Security Features.

33.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington also has and continues to indirectly infringe at least claim 26 of the '084 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its Enhanced Security Features in this judicial district and elsewhere in the United

States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has actively induced and continues to induce the infringement of at least claim 26 of the '084 Patent at least by actively inducing the use of its Enhanced Security Features by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington knew or should have known that its conduct would induce others to use its Enhanced Security Features in a manner that infringes the '084 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '084 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington through at least its website https://www.huntington.com actively induced its customers to infringe the '084 Patent.

34. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has contributorily infringed and continues to contributorily infringe at least claim 26 of the '084 Patent by providing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '084 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

35. Intellectual Ventures II has provided written notice via a letter to Huntington of its infringement of at least claim 26, and Huntington also has written notice of its infringement by virtue of the filing and service of this Complaint.

36. Intellectual Ventures II has suffered damages as a result of Huntington's infringement of the '084 Patent in an amount to be proven at trial.

**Count IV**

**INFRINGEMENT OF U.S. PATENT NO. 6,314,409**

37.     Paragraphs 1-18 are reincorporated by reference as if fully set forth herein.

38.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 38 of the '409 Patent by making, using, providing, offering to sell and/or selling its Merchant Services payment processing solutions system and services that use PCI Data Security Standard technology for protecting customer information and account data.

39.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington also has and continues to indirectly infringe at least claim 38 of the '409 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of such systems and services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has actively induced and continues to induce the infringement of at least claim 38 of the '409 Patent at least by actively inducing the use of such systems and services in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington knew or should have known that its conduct would induce others to use its systems and services in a manner that infringes the '409 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '409 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington through at least its website https://www.huntington.com actively induced its customers to infringe the '409 Patent.

40.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has contributorily infringed and continues to contributorily infringe at least claim 38 of the '409 Patent by providing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '409 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

41.     Intellectual Ventures II has provided written notice via a letter to Huntington of its infringement of at least claim 38, and Huntington also has written notice of its infringement by virtue of the filing and service of this Complaint.

42.     Intellectual Ventures II has suffered damages as a result of Huntington's infringement of the '409 Patent in an amount to be proven at trial.

## Count V

## INFRINGEMENT OF U.S. PATENT NO. 7,634,666

43.     Paragraphs 1-18 are reincorporated by reference as if fully set forth herein.

44.     Intellectual Ventures II is informed and believes, and thereon alleges, that Huntington has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '666 Patent by using systems or services that use IBM System z mainframes.

45.     Intellectual Ventures II has provided written notice via a letter to Huntington of its infringement of at least claim 4, and Huntington also has written notice of its infringement by virtue of the filing and service of this Complaint.

46.     Intellectual Ventures II has suffered damages as a result of Huntington's infringement of the '666 Patent in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures II respectfully prays that this Court:

A. Enter judgment in favor of Intellectual Ventures II that Huntington has infringed the '574 Patent;

B. Enter judgment in favor of Intellectual Ventures II that Huntington has infringed the '694 Patent;

C. Enter judgment in favor of Intellectual Ventures II that Huntington has infringed the '084 Patent;

D. Enter judgment in favor of Intellectual Ventures II that Huntington has infringed the '409 Patent;

E. Enter judgment in favor of Intellectual Ventures II that Huntington has infringed the '666 Patent;

F. Enter judgment that Intellectual Ventures II be awarded damages adequate to compensate it for Huntington's past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Huntington's infringement, an accounting;

G. Enter judgment that Intellectual Ventures II be awarded attorney fees, costs and expenses incurred in prosecuting this action; and

H.  Order that Intellectual Ventures II be granted such other, different, and additional

relief as this Court deems equitable and proper under the circumstances.

Respectfully submitted,

s/ Charles J. Faruki
Charles J. Faruki (0010417)
    Trial Attorney
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
Email:  cfaruki@ficlaw.com

Ian N. Feinberg (California Bar No. 88324)
M. Elizabeth Day (California Bar No. 177125)
Marc C. Belloli (California Bar No. 244290)
(*pro hac vice* admission to be sought)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone:  (650) 618-4364
Telecopier:  (650) 618-4368
Email:  ifeinberg@feinday.com

Attorneys for Intellectual Ventures II

## DEMAND FOR JURY TRIAL

Plaintiff Intellectual Ventures II hereby demands trial by jury as to all issues so triable in

this civil action.

s/ Charles J. Faruki
Charles J. Faruki

747029.1

13