IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

v.

HUNTINGTON BANCSHARES
INCORPORATED, et al.,

    Defendants.

Case No. 2:13-CV-00785
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION & ORDER

This matter is before the Court for consideration of Defendants' motion to stay pending *inter partes* review of the patents-in-suit (ECF No. 53), Plaintiff's memorandum in opposition (ECF No. 58), and Defendants' reply (ECF No. 60). For the reasons that follow, the Court **GRANTS** Defendants' motion and **STAYS** this case pending action from the Patent Trial and Appeal Board.

### I. BACKGROUND

Plaintiff Intellectual Ventures II LLC is a non-practicing entity that acquires and licenses patents. Plaintiff owns the rights to the five patents-in-suit: United States Patent No. 5,745,574 ("the '574 Patent"), United States Patent No. 6,826,694 ("the '694 Patent"), United States Patent No. 6,715,084 ("the '084 Patent"), United States Patent No. 6,314,409 ("the '409 Patent"), and United States Patent No. 7,634,666 ("the '666 Patent"). Plaintiff does not allege or assert that it makes products or provides services covered by the patents at issue.

In this lawsuit, Plaintiff alleges that Defendants are infringing on each of the five patents, for which Plaintiff seeks monetary damages. Plaintiff asserted similar claims involving the same patents in lawsuits against other defendants across the country ("Related Cases").

1

Plaintiff filed the present action on August 7, 2013. Pursuant to the Court's Stipulated Scheduling Order (ECF No. 32), this case currently is in the discovery phase. Claim construction discovery is scheduled to close by June 13, 2014, claim construction briefs are due in July 2014, and a claim construction hearing is scheduled for September 2, 2014. Fact discovery is scheduled to be completed by December 31, 2014, and dispositive motions are due by May 12, 2015. Trial is scheduled to begin on October 26, 2015.

On December 6, 2013, the Court received notice that a non-party, International Business Machines Corporation, had filed a petition for *inter partes* review ("IPR") of the '666 Patent with the United States Patent & Trademark Office ("PTO"). On April 16, 2014, the Patent Trial and Appeal Board ("PTAB") (a unit of the PTO) instituted IPR of claims 1–11 of the '666 Patent. Because only claim 4 of the '666 patent is at issue in this lawsuit, the PTAB's *inter partes* decision necessarily will address the disputed claim in this case.

Since May 1, 2014, the Court has received notice of twelve additional IPR petitions, all of which were filed by non-parties, covering the four remaining patents-in-suit. Those petitions remain pending before the PTAB. If those petitions are granted, the resulting IPR would cover all of the disputed claims in this lawsuit.

On May 21, 2014, Defendants filed the present motion to stay. In their briefs, Defendants informed the Court that three other courts with Related Cases—United States District Courts for the District of Nebraska, Western District of Missouri, and Northern District of Alabama—have issued stays pending the *inter partes* decisions discussed above. (ECF Nos. 53-3; 60-1 & 60-2.) The Court is not aware of any courts with Related Cases denying a motion to stay.

Several facts regarding the IPR process are relevant to the parties' arguments. First, IPR allows a petitioner to challenge "1 or more claims of a patent only on a ground that could be raised under section 102 [anticipation] or 103 [obviousness] and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). That means that the IPR petitioners can challenge the patents on certain (but not all) possible grounds. Second, the PTAB must decide whether to institute IPR within six months after the petition is filed, 35 U.S.C. § 314(b); 37 C.F.R. § 42.107, meaning that the parties will know by October 2014—at the latest— whether the PTAB has decided to institute IPR of the five patents-in-suit. Moreover, because the PTAB must issue a decision on the patentability of the challenged claims within one year (absent good cause) of instituting IPR, 35 U.S.C. § 316(a)(11), the Court and the parties likely will receive the PTAB's final decisions (should it decide to institute IPR of some or all of the five relevant patents) by October 2015.

Because Defendants did not file the IPR petitions, they are not statutorily estopped from making the same arguments raised in those proceedings in this case. *See id.* § 315(e) (stating that only the petitioner in an IPR proceeding is estopped from raising the same arguments in related civil actions). The PTAB's IPR decision will, however, become a part of the patent's file, and any court reviewing that file will have the benefit of the PTAB's expertise regarding the validity of that patent.

## II. ANALYSIS

It is beyond dispute that district courts have inherent power to manage their dockets and issue stays where appropriate. *See, e.g., In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993). Courts therefore have the power to stay patent proceedings pending the results of a post-grant patent review proceeding such as IPR. *See id.*; *cf. Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27

(Fed. Cir. 1988) (discussing the PTO reexamination system that predated IPR). To determine whether to grant a stay pending IPR, the following factors are relevant: "whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Tdata Inc. v. Aircraft Tech. Publishers*, No. 2:03-cv-264, 2008 WL 77741, at *2 (S.D. Ohio Jan. 4, 2008) (quoting *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06CV02981, 2007 WL 2670039, at *1 (N.D. Ohio Sept. 7, 2007)) (discussing PTO reexamination); *see also Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST, 2012 WL 7170593, at *1 n.1 (C.D. Cal. Dec. 19, 2012) (noting that the same analysis that applied to the PTO reexamination process should apply to the IPR process).

Case law from around the country supports both parties' positions regarding the proposed stay. In other words, courts facing similar facts have both granted and denied motions to stay. *Compare* ECF No. 53, at 8 (citing cases in which courts granted stays while IPR petitions were pending, including cases in which the IPR petitions were filed by third parties) *with* ECF No. 58, at 6–7 (citing cases in which courts denied motions to stay, especially in cases in which the motion was filed before the PTAB issued a decision on a pending petition for IPR).

The issue comes down to a common-sense analysis of the circumstances of each case. Having reviewed the parties' arguments and the circumstances of this case, the Court agrees with Defendants that the benefits of the requested stay far outweigh the costs, and that all relevant factors weigh in favor of a stay.

### A. Status of Case

The first factor—the procedural status of the case—weighs in Defendants' favor. This case is in the early stage of litigation. *See* ECF No. 32 (Stipulated Scheduling Order). Although

some discovery has been conducted, fact discovery is not scheduled to close until December 31, 2014. The Court has not yet held a claim construction hearing, and the trial date is over a year away. A stay at this point in the litigation therefore has the potential to conserve judicial resources and the resources of each party. *See, e.g., Intellectual Ventures II LLC v. Commerce Bancshares, Inc*., No. 2:13-CV-04160-NKL, at 7 (W.D. Mo. June 4, 2014) (granting a stay in a Related Case because, *inter alia*, "[d]iscovery does not close for another six months, it is nearly a year before trial, there have been no depositions, the claim construction hearing has not occurred, and significant work, including substantive expert discovery and summary judgment motions, remains to be completed after the claim construction hearing . . . Thus, substantial time and resources may be conserved by staying this case pending the resolution of the IPR proceedings") (ECF No. 60-2, at 8); *Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*, No. 8:13CV167, at 2 (D. Neb. May 6, 2014) (granting a stay in a Related Case and noting, "[a]lthough the parties have engaged in some discovery, a trial date has not been set and a Markman hearing, although scheduled and briefed, has yet to occur," such that "staying this litigation has the potential to conserve the resources of each party, in addition to the resources of the Court") (ECF No. 53-3, at 3).

    **B. Simplification of Issues**

A stay of this litigation is likely to simplify the issues in dispute. For starters, as noted above, the PTAB has already instituted IPR proceedings on the '666 Patent. The PTAB therefore has already determined that the petitioner "has established a reasonable likelihood that it would prevail" in demonstrating that claims 1–11 of the '666 Patent are invalid based on prior art. *See* Decision, Institution of *Inter Partes* Review (Patent 7,634,666) (ECF No. 39-1, at 2). The parties and the Court should have a decision from the PTAB by mid-2015 that will impact

the issue of whether the '666 Patent is valid. It is beyond serious dispute that a stay of this litigation will simply the issues in adjudicating Count V of Plaintiff's Complaint.

If the PTAB grants some or all of the pending IPR petitions and institutes IPR of the four remaining patents-in-suit, the same result will occur with respect to all of Plaintiff's claims for relief. Moreover, if the PTAB declines to institute IPR with respect to those four patents, the denial may shed light on the PTAB's assessment of the invalidity arguments raised in those petitions. Either way, the PTAB's decisions could streamline the parties' arguments in this case with respect to the validity of the four remaining patents-in-suit.

Plaintiff argues that a stay will not simplify the issues in this case because Defendants can raise the same arguments from the IPR proceedings in this case. *See* 35 U.S.C. § 315(e) (stating that only a petitioner is estopped from raising in civil cases "any ground that the petitioner raised or reasonably could have raised during that *inter partes* review"). Plaintiff further argues that, even if a stay is granted, any such stay "should be conditioned on Huntington being subject to the same estoppels as the petitioners." (ECF No. 58, at 8.) But those arguments are unavailing, for several reasons. First, those arguments are only relevant if the PTAB concludes that the petitioner(s) failed to establish invalidity of the disputed claims. In other words, should the PTAB conclude that the patents-in-suit are invalid based on the arguments and evidence advanced during the IPR proceedings, then estoppel becomes irrelevant.

Second, even if the PTAB concludes that the IPR petitioners failed to demonstrate invalidity, those decisions will become a part of the patent's file for review by this and other courts. The fact that Defendants are not statutorily estopped from raising the same arguments as the petitioners does not change the fact that the Court would have the benefit of the PTAB's expertise in rejecting those same arguments.

Third, although Plaintiff suggests it would be unfair for Defendants to obtain the benefit of IPR proceedings without being bound by the arguments raised therein, it would be more unfair to condition a stay on Defendants' being bound by arguments raised in a proceeding over which they have no control. Defendants decided not to pursue IPR of the patents-in-suit on their own; they therefore run the risk that an unfavorable IPR decision—which they could have, but chose not to influence—will become part of the patent's file. They also ran the risk that IPR would not be sought in the first place. Now that multiple non-parties have sought IPR of the patents-in-suit, and that the PTAB likely will apply its expertise to some or all of the arguments at issue in this case, it would defy common sense for this litigation to proceed alongside the IPR proceedings simply because Defendants are not statutorily prohibited from raising the same or similar arguments as the IPR petitioners.

Plaintiff offers the additional argument that a stay will not simplify the issues in this case because an IPR proceeding is limited in scope, but that argument is similarly unavailing. The Court agrees with the United States District Court for the Western District of Missouri that "[t]he relevant inquiry here . . . is not whether the IPR would completely resolve this case, but rather whether it could make this litigation simpler and more efficient." *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.,* No. 2:13-CV-04160-NKL, at 5 (W.D. Mo. June 4, 2014) (ECF No. 60-2, at 5). Invalidation of some or all claims at issue in this lawsuit, or a rejection of arguments that Defendants plan to raise in this case, undoubtedly would simplify these proceedings.

Finally, Plaintiff argues that the Court should deny Defendants' motion without prejudice until the PTAB determines whether to institute IPR proceedings on the '574, '694, '084, and '409 Patents. But that course of action acknowledges that proceedings should be stayed if IPR is granted—indeed, Plaintiff does not argue that the motion to stay the '666 Patent is premature—

and would essentially leave the Court in limbo as to whether the September 2, 2014 claim construction hearing on the four remaining patents would be going forward. The better course of action is to stay the proceedings now, await the PTAB's decision on the pending IPR petitions (which must be rendered in the next five months), and assess the status of this case once the PTAB issues those decisions. In the statistically unlikely event that the PTAB declines to initiate IPR on any of the four remaining patents-in-suit, Plaintiff can move to lift the stay and continue with these proceedings at that time.

### 3. Prejudice

Plaintiff cannot show that it will suffer any prejudice or tactical disadvantage if the stay is granted. To the contrary, it is possible that the PTAB will initiate IPR on all patents-in-suit and persuasively reject many of the arguments that Defendants plan to make in this case. Moreover, as noted by the United States District Court for the District of Nebraska, the parties are not competitors such that a delay would place Plaintiff at a tactical disadvantage. *See Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*, No. 8:13CV167, at 2 (D. Neb. May 6, 2014) (ECF No. 53-3). Plaintiff does not offer any persuasive arguments to the contrary.

## III.    CONCLUSION

Having considered the briefs and the common-sense consequences of the proposed stay, the Court agrees with Defendants that a stay is warranted. The Court therefore **GRANTS** Defendants' motion (ECF No. 53), **VACATES** the deadlines set forth in the Court's Stipulated Scheduling Order (ECF No. 32), and **STAYS** this case pending further action from the PTAB. The parties shall file a joint report advising the Court of the PTAB's decisions and the parties' respective positions as to further proceedings in this case within ten (10) days of the PTAB's decision on the last of the pending petitions for IPR.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**